ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| OLIVIA FERNÁNDEZ SUÁREZ Y NATIONWIDE SERVICES CORP.<br><br>Apelante<br><br>v.<br><br>SUCESIÓN DE EMILIO RÍOS DÁVILA, GEORYANNE RÍOS ÁLVAREZ, WALDEMAR C. RÍOS ÁLVAREZ, CHARLES W. RÍOS ÁLVAREZ Y SUTANO DE TAL<br><br>Apelados | TA2026AP00284 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: N3CI201600268<br><br>Sala: 307<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Compareció Olivia Fernández Suárez (en adelante, señora Fernández Suárez o apelante) y Nationwide Services Corp., (en adelante, Nationwide), mediante recurso de *Apelación* presentado el 19 marzo de 2026. Nos solicita que revoquemos la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala de Fajardo, el 24 de febrero de 2026. En dicho dictamen, el foro de instancia desestimó, sin perjuicio, la causa de epígrafe, al amparo de la Regla 39.2 (b) de Procedimiento Civil, *infra.*

Por los fundamentos que esbozamos a continuación, se confirma la *Sentencia* apelada.

**-I-**

El 18 de mayo de 2016, la señora Fernández Suárez presentó una *Demanda sobre Sentencia Declaratoria,* al amparo de la Regla 59 de Procedimiento Civil, 32 LPRA Ap. V, R. 59, para que el tribunal

primario decretara los derechos propietarios que esta alega tener en la corporación Nationwide.[1] También, solicitó se atendieran los asuntos relacionados a la reorganización corporativa de Nationwide.

Según surge de la petición, el Sr. Emilio Ríos Dávila (en adelante, el señor Ríos Dávila o causante) y la señora Fernández Suárez, organizaron la referida corporación, para proveer servicios de *catering*.[2] La apelante alega que a raíz del fallecimiento del señor Ríos Dávila en el 2011, la Sucesión de Emilio Ríos Dávila (en adelante, Sucesión), compuesta por los sobrinos del causante, ha tomado el control de la corporación y ha impedido que esta intervenga y tome decisiones sobre los haberes de la corporación.[3]

Durante el extenso trámite del pleito, las partes han presentado varias solicitudes que incluyen mociones de desestimación, moción de sentencia sumaria y descalificación de la representación legal de la apelante, la Lcda. Cindy M. Cruz Rivera.[4] Tras innumerables trámites procesales que son innecesarios de relatar para resolver la controversia ante nuestra consideración, el 20 de octubre de 2020, el foro primario emitió una *Resolución* en la que descalificó a la abogada Cruz Rivera como representante legal de Nationwide, pero permitió que esta continuara representando a la señora Fernández Suárez en la causa de epígrafe.[5]

De esta decisión, la Sucesión solicitó reconsideración que fue decretada no ha lugar. Posteriormente, la Sucesión acudió ante este foro intermedio mediante un recurso de *certiorari*, que fue denegado por falta de jurisdicción el 21 de mayo 2021.[6] Los trámites sobre esta controversia continuaron hasta que este Tribunal de Apelaciones denegó nuevamente la expedición de un segundo

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 3, anejo 2.
[2] *Id.*
[3] *Id.*
[4] SUMAC-TPI, entrada núm. 3, anejos 3, 4, 6 y 7.
[5] SUMAC-TPI, entrada núm. 3, anejo 9.
[6] Véase, caso núm. KLCE202100427.

recurso de *certiorari* el 31 de enero de 2025.[7] El correspondiente mandato se emitió el 21 de marzo de 2025.

El 4 de febrero de 2026, el tribunal apelado emitió una *Orden* en la que le otorgó un término de diez (10) días a la parte apelante para que expusiera las razones por la cual no debía desestimar el pleito, debido a la falta de trámite procesal en el caso, desde que se devolvió el Mandato hacía más de diez (10) meses.

Mediante *Moción en Cumplimiento de Orden* [...] presentada el 10 de febrero de 2026, la señora Fernández Suárez expuso que no procede la desestimación de la demanda cuando la falta de trámite en el pleito responde a la propia inacción del foro sentenciador.[8] Adujo que los procedimientos judiciales se encuentran paralizados desde el 24 de marzo de 2017, y que desde entonces el tribunal apelado no ha dispuesto nada sobre el curso a seguir en la continuación del proceso judicial, como tampoco ha resuelto las mociones pendientes ante su consideración.

El 17 de febrero de 2026, la señora Fernández Suárez presentó una *Moción Informativa* en la que notificó que existían otros herederos que fueron excluidos de la declaratoria de herederos, tales como la hermana paterna del causante, María Angélica Ríos Dones, y sus hermanos Emilio Erasmo Ríos Dávila y Charles Waldemar Ríos Dávila.[9] Así pues, solicitó que el tribunal apelado tomara conocimiento de lo informado y ordenara la continuación de los procedimientos.

El 24 de febrero de 2026, el foro primario emitió la *Sentencia* apelada, en la que desestimó, sin perjuicio, la causa incoada en virtud de la Regla 39.2 (b) de Procedimiento Civil, *infra*. Fundamentó

---

[7] SUMAC-TPI, entrada núm. 3, anejo 10. Véase, además, caso núm. KLCE202401302.

[8] SUMAC-TPI, entrada núm. 3, anejo 11.

[9] SUMAC-TPI, entrada núm. 3, anejo 12.
Junto a la *Moción Informativa*, la apelante incluyó el testamento ológrafo del señor Ríos Dávila, en donde María Angélica Ríos Dones, Emilio Erasmo Ríos Dávila y Charles Waldemar Ríos figuran como hijos del causante.

su decisión en la falta de diligencia de la apelada para perfeccionar el reclamo que presentó el 18 de mayo de 2016. Añadió que esta "desidia procesal" impide que el tribunal adquiera jurisdicción, para resolver el pleito por falta de parte indispensable.

En desacuerdo con lo resuelto, la señora Fernández Suárez acudió ante este foro intermedio mediante el recurso de epígrafe en el que señaló como único error el siguiente:

> El TPI abusó de su discreción al desestimar el caso bajo la Regla 39.2(b) cuando la supuesta inactividad procesal fue consecuencia directa de paralizaciones ordenadas por el propio tribunal.

**-II-**

**A. Desestimación Bajo la Regla 39.2 (b)**

Nuestra política pública favorece que los casos se ventilen en sus méritos. *HRA Erase v. CMT*, 205 DPR 689, 701 (2020); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). Pero esto, no significa que una parte tenga derecho "a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia [...] que una escueta referencia a circunstancias especiales". *Mun. de Arecibo v. Almac. Yakima,* supra. En estos casos, nuestras Reglas de Procedimiento Civil proveen como remedio la desestimación de una acción civil en donde las partes no hayan efectuado trámite alguno durante un periodo de seis (6) meses. *Id.*, págs. 221-222; Regla 39.2 (b) de Procedimiento Civil de 2009 (32 LPRA Ap. V, R. 39.2 (b)). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, pág. 413.

Específicamente, el inciso b de la Regla 39.2 de Procedimiento Civil, *supra*, establece que:

> [...]
>
> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya

efectuado trámite alguno por cualquiera de las partes **durante los últimos seis meses**, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. (Énfasis suplido).

Como vemos, un Tribunal tiene a su disposición la aludida norma procesal para poner fin a un pleito que ha sido desatendido por las partes. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009). Mediante este mecanismo, se cumple con el propósito de acelerar la litigación y evitar que el abandono de un pleito por inactividad provoque demoras innecesarias que perjudique el sistema de justicia y a la parte demandada. *Id.*, pág. 721.

**B. Parte indispensable**

La Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16, regula lo concerniente a la acumulación de partes. En particular, establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". 32 LPRA Ap. V, R. 16.1. Este precepto, en nuestra jurisdicción, es conocido como parte indispensable. *DACO v. LUMA y otros,* 2025 TSPR 126, pág. 29, 217 DPR ___ (2025).

Además, la Regla 16.1 de Procedimiento de Civil, *supra,* encarna dos principios constitucionales, a saber: (i) la prohibición de que una persona sea privada de su libertad o propiedad sin un debido proceso de ley y (ii) la necesidad de que el dictamen judicial incluya a todas las partes con interés para que sea uno completo. *DACO v. LUMA y otros,* supra. En relación con el interés común de las partes que requiere la precitada regla, nuestra Alta Curia ha expresado que "el mismo debe ser uno real e inmediato, y que no basta con que sea un interés especulativo ni futuro". *Id.* De manera que una parte indispensable es "aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud [...] que no puede dictarse un decreto final entre las otras partes sin lesionar

ni afectar radicalmente sus derechos". *Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1120 (2024).

Por ello, la defensa de falta de parte indispensable es irrenunciable y puede presentarse en cualquier momento del pleito e incluso los tribunales pueden levantarla *motu proprio. DACO v. LUMA y otros,* supra, pág. 30; *Inmob. Baleares et al. v. Benabe et al.,* supra, pág. 1121. Considerando lo anterior, el Tribunal Supremo nos ha requerido que —al momento de interpretar la Regla 16.1 de Procedimiento Civil, *supra*— "evaluemos juiciosamente, con un enfoque pragmático, las particularidades de cada caso, y los derechos de las partes que no están presentes en el pleito, pero cuyos derechos podrían verse afectados". *DACO v. LUMA y otros,* supra.

A su vez, en nuestro ordenamiento se ha reiterado que una sentencia dictada sin incluir a una parte indispensable es nula, toda vez que priva al tribunal de jurisdicción sobre la persona que se pretende imponer el dictamen. *DACO v. LUMA y otros,* supra; *Inmob. Baleares et al. v. Benabe et al.,* supra.

**-III-**

En su recurso, la señora Fernández Suárez asegura que la falta de trámite en el pleito no podía ser atribuido a esta, "ya que fue producto directo de la paralización ordenada por el propio tribunal". Añade que luego de recibir el mandato de este foro intermedio el 21 de marzo de 2025, que denegó el segundo *certiorari* que presentó la Sucesión, lo procedente era continuar con los procedimientos del caso y resolver las mociones dispositivas que el tribunal apelado tenía pendiente. A su entender, la existencia de mociones dispositivas "excluyen la aplicación de la Regla 39.2(b) debido a paralizaciones determinadas y ordenadas por el propio TPI".

También, alega que la hermana del causante, María Angelica Ríos Dones, no es parte indispensable en el litigio como determinó

el foro apelado. Opina que ella es parte con interés en las acciones corporativas que puedan ser declaradas a favor del causante, pero ese asunto no parte de los reclamos de la acción incoada.

Por su parte, la Sucesión sostiene que el tribunal apelado no incidió al desestimar, sin perjuicio, la causa de epígrafe, pues la apelante no justificó la falta de actividad en el pleito por un periodo de once (11) meses. Además, privó de jurisdicción al foro de instancia, al informar que faltaba una parte indispensable que no acumuló oportunamente, mediante los mecanismos procesales que proveen las Reglas de Procedimiento Civil. Veamos.

De los hechos previamente relatados, surge con meridiana claridad que la apelante no llevó a cabo ningún trámite procesal por un periodo prolongado de tiempo. Hecho que justificó la intervención del foro sentenciador, mediante la *Orden* que emitió el 4 de febrero de 2026, en la que le solicitó a la señora Fernández Suárez (parte con interés) que expusiera las razones justificadas para su inactividad en el caso "desde la devolución del Mandato hace más de diez (10) meses". Regla 39.2 (b), *supra.*

Ciertamente, la Regla 39.2 (b), *supra*, provee para que el tribunal desestime una acción "en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los **últimos seis meses** [...]". (Énfasis suplido). Para ello, solo basta que el tribunal dicte una orden (como lo hizo) en la que notifique a las partes y al abogado o abogada "que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos". Ante este claro mandato, las razones que expone la parte apelante sobre el supuesto incumplimiento del foro apelado con la norma procesal citada son insuficientes en derecho e improcedentes. Le correspondía a la apelante presentar las razones que justificaran la falta de actividad en el caso por más de diez (10) meses, pero no lo hizo.

Tampoco proceden las alegaciones de que la falta de trámite en el caso se debió al propio tribunal, pues del expediente no surge prueba alguna que demuestre la paralización del caso. Por el contrario, del extenso trámite procesal se puede colegir que una vez devuelto el mandato al foro primario, las partes no llevaron a cabo ningún trámite procesal. Máxime, cuando la apelante conoció sobre la existencia de otros herederos que constituían partes indispensables. La señora Fernández Suárez debió acumular y emplazar a los herederos que informó en la *Moción Informativa* del 17 de febrero de 2026, como demandantes o demandados, según correspondiese. Regla 16.1, *supra*; *Inmob. Baleares et al. v. Benabe et al.*, supra. Sin embargo, es claro que asumió una actitud pasiva en el trámite de su caso, al pretender que el foro de instancia iniciara un trámite que solo le correspondía a la apelante.

En mérito de lo anterior, concluimos que no erró el foro de instancia al desestimar sin perjuicio la causa de epígrafe.

**-IV-**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones